# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELIZABETH PENDERGAST,

        **Plaintiff,**

  vs.                                        Case No. 05-C-140

HASKIN & BOOK LAW FIRM;
KAREN D. DARBY;
BARRY J. BOOK;
THOMAS R. PENDERGAST;
and YWANDA MADISON,

        **Defendants.**

## DECISION AND ORDER

*Pro se* plaintiff Elizabeth J. Pendergast ("Pendergast") brings this action against the Haskin & Book Law Firm ("Haskin & Book"), Karen D. Dardy ("Dardy"), Barry J. Book ("Book"), Thomas R. Pendergast ("T. Pendergast"), and Ywanda Madison ("Madison").[1] She seeks leave to proceed *in forma pauperis* and has filed a motion for appointment of counsel.

Pendergast also seeks reconsideration. However, this is the first decision rendered in this action. Moreover, the tendered information makes no difference in the Court's decision since this matter must be dismissed for lack of subject matter jurisdiction.

---

[1] Pendergast used this district's *pro se* complaint form which is pre-numbered – pages two and three of the form are not included in the complaint which she filed.

Previously this Court addressed Pendergast's motions for leave to proceed *in forma pauperis* in nine other actions. The Court is obliged to give Pendergast's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In this action, Pendergast states that she filed for divorce on October 16, 2003, and that during the course of those proceedings T. Pendergast and his attorney, Darby lied to the courts. She also states that Book, an attorney, has first hand knowledge that Darby and T. Pendergast were submitting false statements and reports and that Book was working with Darby and T. Pendergast in withholding evidence. Pendergast states that "with a lack of interest from" Book, she was "constantly held in contempt for situations that she knew nothing about." (Complaint at 5.) She also states that Book withheld checks and never informed her about the amount held in his client trust fund. She states that Book failed to represent her in a fair and honest way and that he failed to move for contempt of court against T. Pendergast based on her former spouse's failure to pay the May 2004, mortgage payment.[2]

Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and

---

[2] Madison is listed in the case caption but the body of the complaint does not include any mention of her.

internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

The Court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the Court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

This action is brought by Pendergast, a citizen of Wisconsin, against defendants who are also citizens of Wisconsin. Because Pendergast and the defendants are citizens of the same state, the Court does not have diversity jurisdiction. Furthermore, despite liberally construing the factual statements and allegations in her complaint, Pendergast has not alleged an arguable claim for relief which arises under the federal statutes or the Constitution. Therefore, this action is dismissed for lack of subject matter jurisdiction. Since the Court lacks subject matter jurisdiction over this action, Pendergast's request for leave to proceed *in forma pauperis* and motion for appointment of counsel in this action are dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

This action is **DISMISSED** for lack of subject matter jurisdiction;

Pendergast's request for leave to proceed *in forma pauperis* and motion for appointment of counsel are **DISMISSED**; and,

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa

        **Hon. Rudolph T. Randa**
        **Chief Judge**